UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:21-CV-435-HAB |
| BRADLEY OLSON, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Government instituted this action to recover outstanding taxes from individual Defendants Bradley and Shirley Olson and two iterations of their plumbing business. Defendants failed to answer or otherwise plead in response to the Government's complaint so, in July 2022, the clerk entered defaults against all Defendants. (ECF Nos. 9, 10). The Government has now moved for the entry of a default judgment. (ECF No. 11). Defendants have not responded, so the motion is ripe for ruling.

**I.  The Government's Allegations**

The Government's complaint (ECF No. 1) is nineteen pages long, but the facts are straightforward. It is alleged that Plaintiffs, from 2011 through 2019, failed to pay various tax obligations arising out of their operation of Affordable Sewer Service, including employer-withheld federal income taxes, Federal Insurance Contributions Act ("FICA") taxes, and Medicare taxes, its employer's share of FICA taxes, and Federal Unemployment Tax Act ("FUTA") taxes. The Government made several efforts to collect the taxes prior to suing, but all failed.

When the Complaint was filed, Defendants' tax liabilities were as follows:

- Personal income taxes for Bradley and Shirley Olson - $173,354.54;

- Withheld income and FICA taxes and the employer's share of FICA taxes for Affordable Sewer Services - $143,204.96;

- FUTA taxes for Affordable Sewer Services - $2,297.49;

- Withheld income and FICA taxes and the employer's share of FICA taxes for Affordable Sewer Services LLC - $20,717.34 (Bradley Olson) and $20,655.28 (Shirley Olson).

## II.   Legal Discussion

"The basic effect of an entry of default . . . is that '[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Intern., Inc. v. Illinois Trading Co*., 811 F.3d 247, 255 (7th Cir. 2016) (citations omitted). Default judgment, however, is not automatic. Plaintiffs seeking default judgment must show that they are entitled to judgment as a matter of law. *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995).

"Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Id*. (quoting *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

The Court has little trouble finding that the Government has established its entitlement to a money judgment for the back taxes. It has submitted the affidavit of Shawn Kennedy ("Kennedy"), an IRS Revenue Officer Advisor. Part of Kennedy's day-to-day duties has been monitoring the collection of Defendants' federal tax liabilities. Kennedy's affidavit (ECF No. 11-2) sets out the current amounts owed and is supported by reports from the IRS' Integrated Data

Retrieval System. The Court will enter judgment for the Government and against Defendants in the amounts set forth in the affidavit.

The Government's request for injunctive relief is another matter. Under 28 U.S.C. § 7402(a), the Court has jurisdiction to issue "orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." The Government asserts that such relief is necessary to address Defendants' history of "interfer[ing] with the execution of the internal revenue laws by failing to comply with their employment and unemployment tax obligations for more than a decade." (ECF No. 11 at 5). To that end, the Government asks for broad injunctive relief which includes requirements that Defendants follow the tax laws in the future, reporting requirements, structural requirements for the businesses, and the ability for the IRS to conduct periodic inspections of the business' books. (ECF No. 11-3 at 3–5).

When determining whether to issue an injunction to prevent the recurrence of illegal conduct, the Court must consider the totality of the circumstances, including:

> (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation and his degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve him in such [a] transaction; (4) the defendant's recognition of his own culpability; and (5) the sincerity of his assurances against future violations.

*United States v. Benson*, 561 F.3d 718, 724 (7th Cir. 2009). Weighing these factors, the Court does not find an injunction to be appropriate here.

The Court's analysis is hampered by the lack of litigation. The Court does not have Defendants' position, does not know why they failed to pay taxes, and is otherwise in the dark on their plans going forward. But the Court does have the complaint, the factual aspects of which Defendants are found to have admitted. Even if the Court looks to those facts and gives every benefit of the doubt to the Government, it cannot find the need for an injunction.

First, the degree of harm is slight. True, the amounts in this case, more than a quarter million dollars, sound like a lot to the average person. But the United States' economic picture is painted in numbers the average person can't even imagine. The expected revenue, derived mainly from taxes, for the nation in fiscal year 2023 is projected to be 4.6 trillion dollars. OFFICE OF MGMT. AND BUDGET, BUDGET OF THE U.S. GOVERNMENT FOR FISCAL YEAR 2023, 119 (2022), https://www.whitehouse.gov/wp-content/uploads/2022/03/budget_fy2023.pdf. The alleged deficiency, then, amounts to .000007 percent of projected revenues. To put that in perspective, if the average American household making around $70,000 suffered the same loss of revenue as a percentage of its total, it would lose about a half a cent. This is not to say that tax liabilities should not be pursued, but it does militate against a finding that the Government has suffered great harm because of Defendants' actions.

The Court also finds a lack of scienter from the complaint's allegations. The Government repeatedly alleges that Defendants "neglected" to pay their tax liabilities. (ECF No. 1 at 8, 10, 12, 13). Negligence is not scienter since scienter "means the degree of knowledge necessary to make a person criminally responsible for his or her acts," and, "with few exceptions, wrongdoing must be conscious to be criminal." *Ruan v. United States*, 142 S.Ct. 2370, 2376–77 (2022). If, as alleged, Defendants' conduct was negligent, then there is no basis for an injunction.

The allegations also fail to establish a likelihood that Defendants will engage in the same conduct in the future. The Court concedes that Defendants showed a steady history of noncompliance with the tax code for most of a decade. Still, the last reported period of tax deficiency is the fourth quarter of 2019. That's three years of apparent compliance on the part of Defendants. If Defendants have shown an extended ability to comply with the tax laws, the Court sees little utility in enjoining them to continue to do so.

Finally, it seems that Defendants have recognized their own culpability. Defendants have not appeared to defend this case. Instead, they have tacitly agreed to the entry of a six-figure judgment against them arising out of their alleged conduct. This factor, too, weighs against the entry of an injunction. Weighing this factor with the others identified by the Seventh Circuit, and considering the totality of the circumstances, the Court rejects the Government's request for an injunction.

### III. Conclusion

For these reasons, the Government's motion for default judgment (ECF No. 11) is GRANTED in part and DENIED in part. The Clerk is DIRECTED to enter judgment for the Government and against Defendants, jointly and severally, in the amount of $330,895.55. The motion is denied in all other respects.

SO ORDERED on January 17, 2023.

    s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT