UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:21-CV-435-HAB |
| | ) |
| BRADLEY OLSON, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

> A Dog, to whom the butcher had thrown a bone, was hurrying home with his prize as fast as he could go. As he crossed a narrow footbridge, he happened to look down and saw himself reflected in the quiet water as if in a mirror. But the greedy Dog thought he saw a real Dog carrying a bone much bigger than his own.
>
> If he had stopped to think he would have known better. But instead of thinking, he dropped his bone and sprang at the Dog in the river, only to find himself swimming for dear life to reach the shore. At last he managed to scramble out, and as he stood sadly thinking about the good bone that had been lost, he realized what a stupid Dog he had been.
>
> *It is very foolish to be greedy.*

Aesop & Milo Winter, *The Aesop for Children* 96 (1919).

As a reward for doing nothing more than filing a complaint, the Government received a money judgment against Defendants of more than $300,000.00. What it did not get was an injunction forcing Defendants to do what we all must do: follow the nation's tax laws. Unsatisfied with the bone it had been thrown, the Government is back advancing an incorrect application of Seventh Circuit law in a second attempt to obtain its requested "follow the law" injunction. The Government will fare better than Aesop's dog—it will keep its original bone—but it will be no more successful at grabbing the illusory bone in the river.

The Government's motion cites both Fed. R. Civ. P. 59(e) and 60(b). But in alleging that the Court made errors of law and fact, the motion more closely tracks relief under Rule 59. A Rule 59(e) motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). A motion to correct errors "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). This Court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

The primary basis for the Government's motion is its incorrect interpretation of *United States v. Benson*, 561 F.3d 718 (7th Cir. 2009). *Benson* applies two statutes when evaluating a governmental request for an injunction against future violations of the tax laws. The first, 26 U.S.C. § 7408(b), states:

> (b) **Adjudication and decree**.--In any action under subsection (a), if the court finds—
>
>> (1) that the person has engaged in any specified conduct, and
>>
>> (2) that injunctive relief is appropriate to prevent recurrence of such conduct,
>
> the court may enjoin such person from engaging in such conduct or in any other activity subject to penalty under this title.

The second, 26 U.S.C. § 7402(a), states:

> **(a) To issue orders, processes, and judgments**.--The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*,

2

orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

*Benson* involved a defendant who marketed and sold a "Reliance Defense Package" and a "16th Amendment Reliance Package," both claiming to help buyers avoid paying federal income taxes. The Government sought an injunction against the defendant, which the district court granted in part. The district court enjoined the defendant from promoting, organizing, or selling his tax-dodging materials. Yet it declined to issue an injunction requiring the defendant to turn over his customer list. Both parties appealed. *Benson*, 561 F.3d at 720–21.

Evaluating the defendant's appeal, the Seventh Circuit stated that "[a] district court is authorized to enter an injunction against any person if it finds '(1) that the person has engaged in any [conduct subject to penalty under 26 U.S.C. § 6700], and (2) that injunctive relief is appropriate to prevent recurrence of such conduct.' 26 U.S.C. § 7408(b)." *Id*. at 721. After concluding that the defendant's actions violated the tax laws, the court set forth the standard for evaluating whether an injunction is appropriate to prevent recurrence of illegal conduct:

> In determining whether an injunction is appropriate to prevent recurrence of the illegal conduct, the court must consider the totality of the circumstances including:
>
> (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation and his degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve him in such [a] transaction; (4) the defendant's recognition of his own culpability; and (5) the sincerity of his assurances against future violations.

*Id*. at 724. These were the factors the Court used here to deny the Government's requested injunction. (ECF No. 12 at 3–5).

3

The Court concedes that using these factors was likely error. The Government did not seek an injunction under § 7804(b)[1], but under § 7402(a). The Seventh Circuit addressed this latter statute in evaluating the Government's appeal in *Benson*. Disclaiming the § 7804(b) factors in evaluating whether an injunction should issue under § 7402(a), the Seventh Circuit employed a balance of the harms test, concluding that the potential harm to the Government and the defendant's customers, as well as the public interest, outweighed any harm to him. *Benson*, 561 F.3d at 727.

By invoking potential harm and public interest, *Benson* seemingly invokes the standard for issuing an injunction under Fed. R. Civ. P. 65. This tracks Seventh Circuit authority that has applied Rule 65 to other requests for relief under § 7402(a). *United States v. Shaheen*, 445 F.2d 6, 10 (7th Cir. 1971) (applying the requirements of Rule 65(d) to the issuance of a writ *ne exeat republica*). Under Rule 65, "injunctive relief is appropriate if the applicant demonstrates '(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" *Liebhart v. SPX Corp.*, 998 F.3d 772, 779 (7th Cir. 2021) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also United States v. Chappell*, Cause No. 1:18-CV-943, 2019 WL 549379, at *3 (S.D. Ind. Jan. 4, 2019) (applying the *eBay* factors to a request for an injunction under § 7402(a)).

If these are the standards, and the Government seems to suggest that perhaps it is (ECF No. 16 at 10), it is hard to imagine how an injunction would be appropriate here. The Government relies on the allegations in its complaint, where it alleges irreparable harm, no adequate legal

---

[1] The Government correctly notes that, given the kind of conduct that § 7804 seeks to enjoin, it would not be entitled to relief under that statute. (ECF No. 16 at 7).

4

remedy, and service of the public good. (*Id*.). But those are legal allegations, not "well-pleaded allegations." "The rule . . . that the well pled allegations of the complaint are taken as true upon default applies only to a court's entry of default as to liability; it does not apply to establishing the relief to which the party seeking a default judgment is entitled." *United States v. Summit, Inc.*, Cause No. 2:19-CV-250, 2022 WL 2195443, at *8 (N.D. Ind. Jan. 6, 2022). These purely legal allegations are not "facts," and need not be accepted by the Court.

Turning now to the factors. For an injunction, a plaintiff will suffer irreparable harm if it: "(1) becomes insolvent or loses its business; (2) is unable to finance the lawsuit; (3) incurs damages that are very difficult to calculate; or (4) if the defendant becomes insolvent or loses its business." *S & S Sales Corp. v. Marvin Lumber & Cedar Co.*, 435 F. Supp. 2d 879, 883 (E.D. Wis. 2006) (citing *Roland Mach. Co. v. Dresser Indus. Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). The first two are inapplicable here; the Court does not question the Government's ability to proceed with this suit. The third factor is just as inapplicable, as the Government has shown the ability to account for its damages down to the penny. Finally, it's possible that Defendant's will become insolvent in the future, but it's hard to see how an injunction now would mitigate that risk. Whatever harm the Government may suffer because of Defendant's future conduct, it cannot be irreparable.

Nor does the Government lack an adequate remedy at law. "Inadequate remedy at law does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered." *Foodcomm Intern. v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003). "The question is then whether the plaintiff will be made whole if he prevails on the merits and is awarded damages." *Roland Mach.*, 749 F.3d at 386.

Here, the Government argues that it does not have an adequate remedy at law because "the IRS's efforts to bring the Olsons into compliance have failed and because the Olsons will likely

5

continue to obstruct the execution of the federal tax laws through their non-compliance." (ECF No. 16 at 10). Maybe, but none of that proves an inadequate remedy at law. The Government has shown here its ability to calculate Defendants' tax obligations and to obtain a judgment in that amount. There is no reason to believe the Government couldn't do so later if it determined that Defendants continued to violate the tax laws.

Indeed, it is the adequacy of a money judgment that sets this case apart from the authorities relied on by the Government. In *Benson*, for instance, there was no way for the Government to determine with any specificity its potential damages. Without the customer list the Government could not determine how many people had bought the defendant's tax-avoidance materials, nor could it know the amount of revenue it might lose from each of those customers. Similarly, in *Chappell*, an injunction was appropriate to stop the defendant from preparing fraudulent tax returns because, again, the number of false returns and the amount of those false returns could never be reliably determined. Here, there are just a few Defendants and, as repeatedly stated, the Government has shown that it can easily determine the amount of taxes owing.

"It is fundamental that a trial court has broad discretion in issuing or withholding an injunction and that its exercise of that discretion is not subject to review except upon a showing of clear abuse." *Bath Indus., Inc. v. Blot*, 427 F.2d 97, 111 (7th Cir. 1970). The Court sees no basis to exercise its discretion to issue the broad injunction requested by the Government. The Court does not read § 7402 as allowing the IRS to deputize the federal courts into its enforcement arm every time a taxpayer is delinquent. To do so would be a waste of this Court's valuable time and resources. No matter the standard, then, the Government's request for an injunction is denied.

The Court will, however, take the Government up on its invitation to reduce the money judgment. In a footnote, the Government explains that $11,001.42, the amount of the two trust

fund recovery penalties, could only be recovered once despite the Government's request that judgment in that amount be assessed against each Defendant. (ECF No. 16 at 2–3, n.2). At the Government's request, the judgment will be reduced by that amount.

For these reasons, the Government's Motion to Alter/Amend Judgment (ECF No. 16) is GRANTED in part and DENIED in part. The Clerk's Entry of Judgment (ECF No. 13) is VACATED. The Clerk is DIRECTED to enter judgment for Plaintiff and against Defendants in the amount of $319,894.13, plus statutory interest and other additions from and after November 4, 2022, under 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c). The Government motion is DENIED in all other respects.

SO ORDERED on March 9, 2023.

                                         s/ Holly A. Brady
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT